UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROY LOMBARD,**

      **Plaintiff,**

v.                                      **Case No:  6:17-cv-1952-Orl-31DCI**

**ANOTHER SOUTHERN HOLDING
COMPANY, LLC,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** **PLAINTIFF'S RENEWED MOTION FOR COURT DEFAULT JUDGMENT (Doc. 31)**
>
> **FILED:** **September 14, 2018**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

**I.  Background**

On November 13, 2017, Plaintiff filed a complaint alleging that Defendant knowingly violated the Federal Fair Housing Act and the Florida Fair Housing Act.  Doc. 1.  After unsuccessfully seeking the entry of clerk's default against Defendant multiple times, Plaintiff filed an amended complaint (Doc. 18, the Amended Complaint), which Plaintiff served on Defendant through the Florida Secretary of State.  *See* Doc. 24.  On May 22, 2018, the Clerk entered default against Defendant.  Doc. 25.

On May 24, 2018, Plaintiff filed a motion for default judgment, which the Court denied for failure to comply with Local Rule 3.01(a).  Docs. 26; 27.  On September 14, 2018, Plaintiff filed a renewed motion for default judgment.  (Doc. 31, the Motion).  That Motion is now before the Court.

**II.     Factual Allegations**

In the Amended Complaint, Plaintiff asserts, in part, the following well-pled factual allegations:

1. Plaintiff is a United States citizen and a resident of Brevard County, Florida.  Doc. 18 at ¶ 3.

2. Defendant is a Florida Limited Liability Company that owns and does business as the Aladdin Motel & Apartments (the Aladdin) at 430 West Merritt Island Causeway, Merritt Island, Brevard County, Florida.  Matthew L. Wells is listed on SunBiz as the President (and Vice President and Registered Agent) of Defendant.  However, Wells has either concealed himself or made himself otherwise unavailable for ordinary service of process in this case.  Doc. 18 at ¶ 4.

3. Plaintiff is a U.S. Marine Corp combat veteran who was permanently disabled as a result of an RPG explosion.  Doc. 18 at ¶ 5.

4. Plaintiff is assisted by Sarge, a male Labrador retriever service animal.  Doc. 18 at ¶ 6.

5. On or about June 30, 2017, Mr. Wells, who holds himself out as "owner" of the Aladdin, told Plaintiff that Plaintiff could not live at the Aladdin with a service dog.  Doc. 18 at ¶ 7.

6. Mr. Wells would not allow Plaintiff to live at the Aladdin with a service dog, even though Plaintiff assured Mr. Wells of the disability, the need for a service dog, and Sarge's bona fides as being trained to service the disability. Doc. 18 at ¶ 8.

7. Mr. Wells told Plaintiff that Mr. Wells knew that technically he was not allowed to exclude service dogs, but that he was going to exclude Plaintiff's service dog anyway. Doc. 18 at ¶ 9.

8. Under the Fair Housing Act, the Aladdin is a covered provider of housing. Doc. 18 at ¶ 10.

9. Under the Fair Housing Act, Plaintiff is a person with a disability: the Veterans Administration rates Plaintiff with 100% unemployability and 90% physical disability. Doc. 18 at ¶ 11.

10. Under the Fair Housing Act, Sarge is a qualified service animal because he has been trained to alert Plaintiff to mood changes; e.g. anxiety and anger; arising from Plaintiff's PTSD. Sarge is also trained to calm Plaintiff to avoid or mitigate the mood changes. Furthermore, because Plaintiff suffers from balance issues arising from explosion injuries to his ears and to joints in his neck and one knee, Sarge has been trained to brace himself and provide stable support for Plaintiff to steady himself while standing. Doc. 18 at ¶ 12.

### III. Standard of Review

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b).

Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment. If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

and character of damages. *Id*. (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543-44. However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

IV.  Analysis

   A. Jurisdiction

Plaintiff asserts one claim for a violation of the Federal Fair Housing Act and one claim for a violation of the Florida Fair Housing Act. Thus, the undersigned finds that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1367

Venue properly lies with this Court because the events giving rise to this action occurred in Brevard County, Florida. *See* 28 U.S.C. 1391(b); Local Rule 1.02(a)-(b).

### B. Liability.

Plaintiff alleges that Defendant violated the Federal Fair Housing Act and the Florida Fair Housing Act.  The Federal Fair Housing Act prohibits a party from discriminating "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap."  42 U.S.C. § 3604(f)(2).  "Discrimination includes . . . a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling . . . ."  42 U.S.C. § 3604(f)(3)(B).  "To prevail on a [§ ]3604(f)(3)(B) claim—that is, a claim that a housing provider refused to reasonably accommodate a disability—a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation."  *Sabal Palm Condos. Of Pine Island Ridge Ass'n, Inc. v. Fischer* 6 F. Supp. 3d 1272, 1280-81 (S.D. Fla. 2014) (internal quotations omitted) (quoting *Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc.*, 347 F. App'x 464, 467 (11th Cir. 2009).  The same analysis applies to Plaintiff's claim that Defendant violated the Florida Fair Housing Act.  *See Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014) ("The FHA and the Florida Fair Housing Act are substantively identical, and therefore the same legal analysis applies to each.") (citation omitted).

Here, the well-pled factual allegations, set forth *supra*, establish that Defendant knowingly violated the Federal and Florida Fair Housing Acts.  Accordingly, the undersigned finds that Plaintiff has established that he entitled to default judgment as to liability.

### C. Damages

Plaintiff failed to include any argument or evidence in the Motion as to damages. Thus, the undersigned cannot determine whether an evidentiary hearing is necessary in this case. *See Smyth*, 420 F.3d at 1232 n.13 (11th Cir. 2005) (explaining that an evidentiary hearing is not necessary "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages"); *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages"). Accordingly, the undersigned finds that Plaintiff has not established that he is entitled to default judgment as to damages and recommends that Plaintiff be directed to file a supplemental motion setting forth the legal basis for all damages claimed and the quantum of all alleged damages (specifying in detail the basis for all damages claimed), as well as the evidence in support thereof.

## V.  Conclusion

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 31) be **GRANTED in part** as follows:

1. Default judgment as to liability be entered in Plaintiff's favor and against Defendant; and

2. Plaintiff be directed to file, on or before the fourteenth day after the date the Court rules on this Report, a motion setting forth Plaintiff's damages with all supporting evidence attached.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 30, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　DANIEL C. IRICK
　　　　　　　　　　　　　　　　　　　　　　　　　UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy