# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROY LOMBARD,**

       **Plaintiff,**

**v.**                                           **Case No:  6:17-cv-1952-Orl-31DCI**

**ANOTHER SOUTHERN HOLDING COMPANY, LLC,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following an April 2, 2019, bench trial on the issue of damages. After considering the pleadings, evidence, argument, and relevant legal authority, and having made determinations as to the credibility of the witnesses, the Court hereby renders its decision pursuant to Federal Rule of Civil Procedure 52.

### I.    Background

On November 13, 2017, Roy Lombard ("Lombard") filed suit against Another Southern Holding Company, LLC ("Southern Holding"), alleging that the company violated the Florida Fair Housing Act and the federal Fair Housing Act (henceforth, the "FHA").[1] (Doc. 1). An Amended Complaint (Doc. 18) was filed on March 15, 2018. Southern Holding did not appear; default was entered on May 22, 2018. (Doc. 25).

---

[1] The statutes are substantively identical. *See Loren v. Sasser*, 309 F.3d 1296 (11th Cir. 2002) ("The Florida Fair Housing Act contains statutory provisions that are substantively identical to the federal Fair Housing Act, and the facts and circumstances that comprise the federal and state fair housing claims are the same."). Thus, the Court will only discuss federal law as it relates to the FHA unless otherwise noted.

On January 30, 2019, Magistrate Judge Irick issued a Report and Recommendation (Doc. 32) recommending that Plaintiff's Second Motion for Default Judgment (Doc. 31) be granted as to liability. On March 11, 2019, the Court entered its Order confirming and adopting the Report and Recommendation and granting Plaintiff's Motion for Default Judgment as to liability. (Doc. 34). An unopposed bench trial on damages was held before me on April 2, 2019.

**II.    The Facts**

The Plaintiff testified at the hearing. A former firefighter, he enlisted in the Marine Corps after 9/11. He obtained the rank of sergeant (E-5), with a specialty in supply logistics. In October 2004, Plaintiff was driving a Humvee, leading a convoy out of Kabul, Afghanistan, when an RPG exploded beneath his vehicle. The vehicle flipped over, killing two Marines and severely injuring Lombard.

As a result of the attack, Lombard has paralysis of the ulnar nerve, paralysis of the medial nerve bilaterally, and four bulging disks in his cervical spine as well as two metal plates in his right hand and radiculopathy in his upper extremities. He also suffers from Post-Traumatic Stress Disorder. As of February 12, 2015, according to the Department of Veterans Affairs, Lombard has a combined disability rating of 70 percent and is deemed unemployable. (Doc. 39-1).

To help cope with his disability, Lombard acquired a service dog in 2011. His service dog, "Sarge," was a full blooded Boxer; he became Lombard's constant companion and essential support provider. Sarge was trained to alert Lombard to oncoming mood changes and to help alleviate his anxiety. If Lombard was having nightmares or flashbacks, Sarge would wake him. He was also trained to provide physical support, helping Lombard (who requires a crutch to walk) maintain his balance or assisting him in getting up if he fell to the ground. In short, Sarge gave Lombard a new lease on life, a sense of freedom that allowed him to be active.

In March 2017, Lombard became homeless. He lived in his truck for several weeks. He eventually found a place he could afford: an apartment at the Aladdin Motel in Merritt Island, Florida. The Aladdin Motel is owned by the Defendant, Southern Holding. Unfortunately for Lombard, Southern Holding's president, Matthew Wells, told Lombard that he could not stay there with Sarge. Wells conceded that, legally, he was obligated to accommodate Lombard's need for a service animal, but he nonetheless refused to do so.

Because of this, Lombard had to surrender Sarge to a Boxer rescue organization in Brevard County. He was hoping that this separation from Sarge would be only temporary, but on July 13, 2017, Sarge was hit by a car and killed.[2] Lombard testified that he was devastated by the discrimination and by his inability to have Sarge with him. His social anxiety has increased, and he doesn't go out much anymore. When he does go out, he is hypervigilant and hypersensitive to loud noises. He feels overwhelmed, angry, and sad. He describes himself as having "lost faith in humanity," and compared taking his service dog from him was like taking oxygen from someone who needs it to survive. Although he now has another service dog – "Barney" – he testified that no other animal will ever be able to truly replace Sarge.

### III. Liability

The FHA makes it unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap". 42 U.S.C. § 3604(f)(2). For purposes of the FHA, discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity

---

[2] Lombard stayed at the Aladdin from March through June of 2017. At the time of Sarge's death, Lombard was staying with some friends who could not accommodate Sarge because of a pet cat in the house.

to use and enjoy a dwelling". 42 U.S.C. § 3604(f)(3)(B). To prevail on a claim under Section 3604(f)(3)(B) claim – that is, a claim that a housing provider refused to reasonably accommodate a disability – a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation. *Sabal Palm Condos. Of Pine Island Ridge Ass'n, Inc. v. Fischer* 6 F. Supp. 3d 1272, 1280-81 (S.D. Fla. 2014) (citing *Hawn v. Shoreline Towers Phase 1 Condominium Assoc., Inc.*, 347 Fed. Appx. 464, 467 (11th Cir. 2009)).

**IV. Damages**

Actions under the FHA allow for recovery of actual damages, including those for mental anguish. *Banai v. Sec'y of HUD*, 102 F.3d 1203, 1207 (11th Cir 1997) (holding that "anger, embarrassment, and emotional distress are clearly compensable injuries" for purposes of the FHA). Damages for emotional distress may be inferred from the circumstances surrounding the situation as well as proved by testimony. *Marble v. Walker*, 704 F.2d 1219, 1220 (11th Cir. 1983). "That the amount of damages is incapable of exact measurement does not bar recovery for the harm suffered." *Id.* The statute also expressly authorizes punitive damages for a prevailing plaintiff. 42 U.S.C. § 3613(c)(1). Punitive damages may be awarded if the defendant exhibited a callous indifference to the federally protected rights of the plaintiff. See *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11th Cir.1999) (citing *Smith v. Wade*, 461 U.S. 30, 46-47, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)).

In his Amended Complaint, Lombard seeks both compensatory and punitive damages against Southern Holding for its violation of the federal and state housing laws.[3] (Doc. 18 at 5).

---

[3] The FHA also allows a prevailing party to recover reasonable attorneys' fees and costs.

When asked what amount of damages he was seeking to recover, Mr. Lombard was reticent and said, "I don't even know how to answer that. Sarge is irreplaceable. Sorry, Your honor. I don't know how to answer that." When further pressed by his counsel, Lombard said it would have to be enough so that Defendant would get the message not to do this again. Apparently conflating his notion of both compensatory and punitive damages, he reluctantly suggested a figure of $250,000.

---

42 U.S.C. § 3613(c)(2). For purposes of the FHA, a "prevailing party" is one who has been awarded some relief. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 1839, 149 L.Ed.2d 855 (2001). In his Amended Complaint, Lombard also seeks to recover attorneys' fees. (Doc. 18 at 5).

## V. Conclusion

In consideration of the evidence, the Court finds that Defendant's discriminatory conduct, which caused the separation of Sarge from Lombard, and ultimately, his death, has had a profound and devastating effect on Plaintiff's life. Defendant's willful violation of Lombard's rights under the FHA warrants the award of both compensatory and punitive damages. Accordingly, the Court finds that Plaintiff is entitled to compensatory damages of $100,000 and punitive damages of $100,000, for a total of $200,000. Judgment for this amount will be entered separately.

As a prevailing party, Lombard is also entitled to recover his attorneys' fees and costs. Counsel for the Plaintiff shall file a proposed bill of costs and motion for fees within 30 days of the entry of this order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 8, 2019.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**