UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROY LOMBARD,**

**Plaintiff,**

vs.                                                            Case No. 6:17-CV-01952-GAP-DCI

ANOTHER SOUTHERN HOLDING COMPANY, LLC,

Defendant.

_____/

**PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Comes now Plaintiff, Roy Lombard, by and through undersigned Counsel, and moves for an award of costs and attorney fees in this case:

1. The Declaration of Plaintiff's Counsel, attached hereto, substantiates the time expended by undersigned Counsel and the costs expended on this case.

2. The attorney hours expended on this case to date is 31.5 hours.

4. The costs expended on this case total $499.08.

Case 6:17-cv-01952-GAP-DCI   Document 41   Filed 05/07/19   Page 2 of 10 PageID 177

## **Memorandum of Law**

**Plaintiff is entitled to an award of attorney fees of $31,893.75.**

Sections of the U.S. Fair Housing Act, 42 U.S.C. § 3613(c)(2), and the Florida Fair Housing Act, Fla. Stat. § 760.35, the laws under which Mr. Lombard sued, provide for a reasonable attorney fee to the prevailing Plaintiff. In the instant case, Plaintiff Roy Lombard's attorney, Mark E. Tietig. was retained on a contingency basis, and Mr. Tietig's verified timesheet shows that he expended 31.5 chargeable hours in pursuing Mr. Lombard's claims in this case.

Furthermore, the evidence shows that the amount of time claimed by Mr. Tietig reflects the reasonable exercise of billing judgment. For instance, despite the difficulties of service of process in this uncommon default case, Mr. Tietig did not charge for all of his time spent in learning the intricacies of such cases.

```
     The evidence adduced shows that Mr. Lombard is entitled to a
lodestar amount of attorney fees of $14,175.00 as fully described
in the attorney's fee Declaration accompanying this motion and
memorandum of law plus, an enhancement multiplier at a mid-range
2.25, or level the Court deems just and proper.
     The twelve factors used in deciding the reasonableness of
attorney fees are:
     (1) the time and labor required;  (2) the novelty and
     difficulty of the questions;  (3) the skill requisite to
     perform the legal service properly;  (4) the preclusion
     of employment by the attorney due to acceptance of the
     case;  (5) the customary fee;  (6) whether the fee is
     fixed or contingent;  (7) time limitations imposed by the
     client or the circumstances;  (8) the amount involved and
     the results obtained;  (9) the experience, reputation,
     and ability of the attorneys; (10) the "undesirability"
     of the case;    (11) the nature and length of the
     professional relationship with the client;   and (12)
     awards in similar cases.
```

*Hensley v. Eckerhart*, 461 U.S. 424 430, n.3 (1983) (citing *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974), and the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106).  Mr. Lombard addresses each factor in turn.

    A.   <u>The time and labor required.</u>

As detailed in the attorney's Declaration, the time expended by Mr. Lombard's attorney was 31.5 hours over a period of almost two years.  Plaintiff's Counsel has scrupulously exercised proper billing judgment.  The hours charged have been pared down to reflect the hard, actual time spent on Mr. Lombard's issues; and, excluding wasted time.  Thus, the amount of time charged on the case by Plaintiff Lombard's attorney was eminently reasonable.

    B.   <u>The novelty and difficulty of the questions.</u>

The issues in Mr. Lombard's case were not particularly novel, but they were fairly difficult.  service-dog discrimination cases have myriad issues, and the level of difficulty is compounded by the fact that the defendant did not appear  and participate in the proceedings, and that the Plaintiff is so psychologically damaged.

    C.   <u>The skill requisite to perform the legal service properly.</u>

A high degree of skill was required to litigate Mr. Lombard's case properly. Civil rights cases are notoriously complex and fraught with potential missteps and pitfalls. Also, skill was required by the attorney to deal with the difficulties described in the preceding subsection.

D. <u>The preclusion of employment by the attorney due to acceptance of the case.</u>

Tietig & Tietig has not had to turn away meritorious cases that would have been accepted but for the demands of time and resources put on Counsel by this case.

E. <u>The customary fee.</u>

The customary fee of Tietig & Tietig has been $450 per hour since 2008. "What [an attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as "'determined by supply and demand.'" *Dillard v. City of Greensboro*, 2000 WL 725448, *5 (11th Cir. June 6, 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In addition, this fee is particularly reasonable because Mr. Tietig has costs and responsibilities shared by all senior partners of every law firm, large and small Mr. Tietig has to finance the expenses of litigation out of his own pocket; he has to maintain an office, staff salaries, and other overhead items; he has to act as "rainmaker" and attract clients; he has ultimate responsibility for

4

errors and omissions of the practice; and so on. Furthermore, because of his lack of eyesight, Mr. Tietig incurs extraordinary costs in staff support; e.g., readers and drivers; and computer-speech equipment and services that are very expensive. Thus, the hourly charge is customary and reasonable regarding Tietig & Tietig.

    F.   <u>Whether the fee is fixed or contingent.</u>

The fee is contingent. Thus, The Plaintiff requests that the Court determine that a reasonable fee would require Plaintiff's lodestar attorney's fees to be multiplied by 2.25.

In the instant case, because Mr. Lombard had a contingency fee contract with his Counsel and because Mr. Lombard prevailed on his Florida Fair Housing claims as well as his analogous federal Fair Housing claims, a multiplier is mandatory under Florida law. See *Joyce v. Federated Ins. Co.*, SC16-103 (Fla. 2017), (mandating a multiplier in contingency fee cases). Furthermore, under Florida law, the multiplier should be set at a level between 1.5 and 2.0 in easy cases; 2.0 and 2.5 in cases of moderate difficulty; and between 2.5 and 3.0 in difficult cases. *See Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985); and *Stanard Guarantee Insurance Co. v. Quanstrom*, 555 So.2d 828 (Fla. 1990).

Undersigned Counsel respectfully suggest the mid-range multiplier of 2.25.

  G. <u>Time limitations imposed by the client or the circumstances.</u>

Time limits existed in this case because of the narrow time constraints occasionally required by this Court.  Also, time pressure existed because of Mr. Lombard's impoverishment and the psychological difficulties that might be resolved by a favorable judgment and vindication/closure of his issues.

  H. <u>The amount involved and the results obtained.</u>

Mr. Lombard received n award of $200,000.00 in damages, a substantial amount and an amount that is above average for a civil rights case of this nature.  Also, even excepting cases with nominal damages, the attorney fees in civil rights cases often exceed the amount of the settlement or judgment.  Here, the costs and attorney fees are reasonably related to the $200,000.00 judgment.  Thus, the amount of the award was relatively large and the results were above average, thereby justifying the fee charged.

Finally, applicable to the allowance of attorney fees for time expended on a motion for attorney fees and other post-judgment litigation, the Eleventh Circuit ruled:  "A prevailing party is entitled to reasonable compensation for litigating a § 1988 award.

*See Jonas v. Stack,* 758 F.2d 567, 568 (11th Cir. 1985). Additionally, post-judgment advocacy may generally be included in a § 1988 award.  *See Mills by Mills v. Freeman,* 118 F.3d 727, 733-34 (11th Cir. 1997)."

*Villano v. City of Boynton Beach*, 254 F.3d 1302,1309 (11th Cir. 2001).  *See also John v. DeMaio*, Case No. 15-CV-06094 (E.D. N.Y. Dec. 21, 2016) (holding that fees for time spent on application for fees is compensable).

    I.    <u>The experience, reputation, and ability of the attorney.</u>

Mark E. Tietig is an experienced civil rights attorney.  He has litigated more than 10 civil rights cases every year for the past 22 years.  Mr. Tietig has a good reputation in the Brevard County legal community and among the general public as a civil rights attorney. Additionally, Mr. Tietig was known throughout the community for his involvement in civil rights issues before he even attended law school, particularly as he volunteered more than 80 hours per week every week for the ACLU, NAACP, NOW, and other social justice organizations for approximately three years before he attended law school.  During his 2.5 years at law school in Tallahassee, Mr. Tietig worked more than 2,000 hours pro bono, mostly in the office of the Governor's Legal Counsel and at various agencies and clinics for disadvantaged children.  Moreover, Mr.

7

Tietig was particularly well-suited for this case because of his own disability and experience with service dogs and the concomitant discrimination over the past 40 years.

J.  The "undesirability" of the case.

Civil rights cases are often undesirable when plaintiffs' attorneys are representing beleaguered minorities. Also, civil rights cases almost always must be taken on a contingency basis because the victims are poor. Finally, the current political climate in Central Florida disfavors vindication of civil rights.

K.  The nature and length of the professional relationship with the client.

Mr. Lombard's relationship with Tietig & Tietig began almost two years ago, in 2017, but is limited to this particular case.

L.  Awards in similar cases.

Attorneys' fee awards in similar cases have far exceeded the award sought by Mr. Lombard. (In a service-dog discrimination case before this Court, *Bhojita v. Altamonte Heights Condo. Ass'n*, Case No. 6:11-cv-1637-Orl-31DAB (M.D. Fla. July 24, 2013, the Plaintiff received an award of only $5,000.00 in total damages and an attorney fee award of $127,512.00.

12, based on a total of 486.1 hours of compensable attorney time -- more than 15 times the hours expended by Mr. Tietig in this case. Attorney fee awards in similar cases have far exceeded the attorney fee sought by Mr. Lombard herein. The hours expended and fees charged by Tietig & Tietig in Mr. Lombard's case are very

9

reasonable. Mr. Tietig has been careful to keep costs to a minimum and to utilize his time as efficiently as possible. Furthermore, Mr. Tietig has been awarded the full hourly rates he charge in other cases.

## Conclusion

For all of the foregoing reasons, Mr. Lombard respectfully requests an award of attorney fees in the amount of $31,893.75.

Submitted by:

s/ Mark E. Tietig
Mark E. Tietig
Fla. Bar No. 105465
Tietig & Tietig
6065 South Tropical Trail
Merritt Island, FL 32952
(321) 452-9944
Facsimile: (321) 452-8942
Attorneys for Plaintiff