# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROY LOMBARD,**

    **Plaintiff,**

**v.**                                 Case No:   6:17-cv-1952-Orl-31DCI

**ANOTHER SOUTHERN HOLDING COMPANY, LLC,**

    **Defendant.**

## ORDER

The issue of damages in this case was tried before me without a jury on April 2, 2019.[1] On April 8, 2019, I issued a Memorandum Opinion and Order awarding Plaintiff $100,000 in compensatory and $100,000 in punitive damages, a total of $200,000. (Doc. 40). The matter is now before me on Plaintiff's Motion for Attorney's Fees (Doc. 41). Defendant has not opposed the motion.

According to the motion, Plaintiff's counsel took this case on a contingent fee basis and expended 31.5 hours in its prosecution. At his customary rate of $450 per hour, this would equate to a fee of $14,175.00. Plaintiff suggests an enhancement multiplier of 2.25, resulting in a total fee request of $31,893.75.

The Fair Housing Act, 42 U.S.C. §3613(c)(2), and the corresponding Florida Fair Housing Act, Florida Statute §760.35, provide for a reasonable attorney's fee to a prevailing plaintiff. The starting point in determining a reasonable attorney's fee is the lodestar, which is the number of

---

[1] A default judgment on the issue of liability was entered against Defendant on March 11, 2019. (Doc. 34).

hours reasonably expended on the case multiplied by a reasonable hourly rate. *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988) (citation omitted). There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553-54 (2010). Nevertheless, the Court may adjust the lodestar to account for a variety of factors, including those identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2]

Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303 (citation omitted). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. Plaintiff "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* However, the Court is an expert on this matter and may "consider its own knowledge and experience concerning reasonable and proper fees" and "form an independent judgment ... without the aid of witnesses." *Id.* at 1303.

Plaintiff's counsel is an experienced civil rights attorney who is well known by me. In light of his standard hourly rate, my familiarity with hourly rates charged by Central Florida lawyers in cases such as this, and the *Johnson* factors, I find that $400 per hour is a reasonable rate. In addition, I have examined counsel's time sheets (Doc. 41-2) and find the entries to be

---

[2] The *Johnson* factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

appropriate and reasonable.   Accordingly, I conclude that the appropriate lodestar fee for this case is $12,600 (31.5 hours x $400 per hour).

Citing *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122 (Fla. 2017), Plaintiff's counsel contends that, because Plaintiff "prevailed on his Florida Fair Housing claims as well as his analogous federal Fair Housing claims, a [contingency fee] multiplier is mandatory under Florida law."   (Doc. 41 at 5).   However, Plaintiff's counsel does not provide a pinpoint cite, and the Court's review of that case finds no language supporting that contention.   In *Joyce*, the Florida Supreme Court reversed the decision of the Fifth District Court of Appeal, which had held that contingency fee modifiers were available only in "rare" and "exceptional" circumstances, and reinstated the decision of the trial court, which had found a contingency fee multiplier of 2.0 to be appropriate.   *Id.* at 1133-35.

In so doing, the *Joyce* court did not hold that such multipliers were mandatory whenever a plaintiff prevails on a Florida Fair Housing Act claim.   Instead, the *Joyce* court approved the trial court's application of standards announced in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985) and *Standard Guaranty Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990) to decide whether a multiplier is warranted – and, if so, in what amount.   *Id.* at 1135.   In particular, the *Quanstrom* court set forth the following three factors for trial courts to consider in determining the necessity of a contingency fee multiplier:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

*Quanstrom* at 834.   In this case, Plaintiff's counsel has not made the necessary information regarding these three factors part of the record, and therefore the Court cannot determine that a contingency fee multiplier is appropriate in this case.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion is **GRANTED**.   The Clerk is directed to enter a judgment for attorney's fees in Plaintiff's favor and against Defendant in the amount of $12,600.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 10, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE