# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROY LOMBARD,**

        **Plaintiff,**

**v.**                                **Case No:  6:17-cv-1952-Orl-31DCI**

**ANOTHER SOUTHERN HOLDING
COMPANY, LLC,**

        **Defendant.**

_____

# REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion to Quash Service of Process and Set Aside Final Default Judgments (Doc. 49)** |
| **FILED:** | **August 6, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    On November 13, 2017, Plaintiff filed a complaint alleging that Defendant knowingly violated the Federal Fair Housing Act and the Florida Fair Housing Act.  Doc. 1.  After unsuccessfully seeking entry of clerk's default against Defendant multiple times (Docs. 8, 11, 19, 21, 23) and after having this case closed for a failure to prosecute (Doc. 28), a Clerk's default (Doc. 25) was eventually entered as to Plaintiff's amended complaint (Doc. 18, the Amended Complaint).  Plaintiff purportedly served the Amended Complaint through substituted service upon the Florida Secretary of State pursuant to Florida Statutes sections 48.062 and 48.181.  *See* Doc. 24 at 2.

On May 24, 2018, Plaintiff filed a motion for default judgment, which the Court denied for failure to comply with Local Rule 3.01(a).  Docs. 26; 27.  On September 14, 2018, Plaintiff filed a renewed motion for default judgment.  Doc. 31.  Based on that motion, the undersigned recommended that final default judgment be entered as to liability but that further proceedings should occur concerning damages.  Doc. 32.  Following an objection to the Report by Plaintiff, the Court adopted the Report.  After a bench trial on damages and motions for attorney fees and costs, the Court entered an Amended Final Judgment against Defendant and in favor of Plaintiff in the amount of  $213,099.08.  Doc. 47 (the Judgment).  On July 8, 2019, the case was closed.

On August 6, 2019, Defendant filed a motion to quash service and set aside the Judgment.  Doc. 49 (the Motion).  In the Motion, Defendant asserted that it first became aware of this case following the issuance of the Judgment and asserts that it was never properly served pursuant to the method of service required by Florida Statutes section 48.161.  *Id*.  Relying upon several decisions of Florida's intermediate appellate courts and federal district courts that explicitly interpret the Florida service statutes to require a party to comply with the method of service requirements of section 48.161 in making substitute service upon the Florida Secretary of State pursuant to section 48.181, Defendant asserted that it was never served properly pursuant to Florida law, service must be quashed, and the Judgment must be set aside.  *Id*.

In response, Plaintiff conceded that he did not comply with section 48.161 but asserted – to his credit, correctly – that neither section 48.062 nor section 48.181 references or explicitly requires compliance with section 48.161.  Doc. 52.  Thus, Plaintiff asserted that Defendant was properly served because Plaintiff complied with sections 48.062 and 48.181.  *Id*.  Unfortunately, Plaintiff failed to provide any legal authority for his position and failed to address the legal authority cited by Defendant.  *Id*.  Further, Plaintiff did not refute Defendant's assertion – or

address its legal authority for the proposition – that if service was improper, then the Judgement must be set aside. *Id*.

In an authorized reply, Defendant maintained its position that "[s]ections 48.062 and 48.181 merely ***permit*** substitute service on the Secretary of State, but neither addresses the ***method*** of effective service." Doc. 55 at 2 (emphasis in original). Again, relying upon several decisions of Florida's intermediate appellate courts, Defendant asserted that Plaintiff's failure to comply with section 48.161 is fatal to the Judgment. Doc. 55 at 1-2.

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." The Eleventh Circuit has explained that, "A judgment can be set aside for voidness where the court lacked jurisdiction or where the movant was denied due process." *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 736 (11th Cir. 2014). "This includes lack of personal jurisdiction and defective due process for failure to effect proper service." *Id*. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void.'" *In re Worldwide Web Systems*, 328 F.3d 1291, 1299 (11th Cir. 2003). Plaintiff neither addressed Rule 60(b)(4) nor provided any compelling reason why the Court would vary from the general rule that insufficient service renders judgment void.

Of course, a plaintiff must comply strictly with state statutes concerning service of process, and when the Court repeatedly denied Plaintiff's motions for entry of Clerk's default, the Court directed Plaintiff to case law explaining that substitute service pursuant to sections 48.062 and 48.181 must be made pursuant to the methods set forth in section 48.161. *See, e.g.,* Doc. 21 at 2

(citing *Great Am. Assurance Co. v. Walters*, Case No. 3:15-cv-1008-J-39JBT, 2016 WL 9526443 (M.D. Fla. Apr. 14, 2016) (explaining that service made pursuant to section 48.181 "must strictly comply with section 48.161, which sets forth the method of substituted service of process") (internal citations omitted). Thus, it is difficult to grasp not only Plaintiff's failure to properly serve Defendant following the Court's repeated orders, but also its position in the response that it need not serve by the method provided by section 48.161. And, unfortunately, default was entered following Plaintiff's repeated representations of proper service, and this case proceeded through the entry of final default judgment.

In sum, Defendant is correct that, "It is well established under Florida law that 'perfection of substituted service under section 48.161 requires strict compliance with the statutory requirements." *Cruz v. Petty Transp., LLC*, 2008 U.S. Dist. LEXIS 59124, *2 (M.D. Fla. July 14, 2008) (internal citations and quotations omitted). In prior orders, the Court directed Plaintiff to caselaw explaining the same principal, but Plaintiff has conceded that he failed to comply with section 48.161 in effectuating service. So, service was insufficient in this case. Further, there appears no reason to avoid the general rule that insufficient service renders judgment void.

Thus, the undersigned respectfully **RECOMMENDS** that the Court set aside the Judgment (Doc. 47) as void pursuant to Rule 60(b)(4) and quash service.

In addition – and considering the repeated denials of Plaintiff's insufficient motions and closure of this case due to Plaintiff's apparent failure to prosecute – the undersigned respectfully **RECOMMENDS** that the Court direct Plaintiff to show cause why this case should not be dismissed without prejudice for a failure to timely serve Defendant, or in the alternative, set a deadline for Plaintiff to effectuate service. *See* Fed. R. Civ. P. 4(m).

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 11, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy